IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| | No. 11-85357 |
| Ralph E. Webb and Gertrude E. Webb, | Judge Manuel Barbosa |
| Debtors. | Hrg Date: 12/19/2012, 10:30 AM |
| | Rockford, Illinois |

NOTICE OF HEARING

To:    Attached service list

On December 19, 2012, at 10:30 AM, we shall appear before Judge Manuel Barbosa in
the U.S. Bankruptcy Court, Stanley J. Roszkowski U.S. Courthouse, 327 S. Church St.,
Rockford, IL 61101, Courtroom 3100, and present the First and Final Application of
Myler, Ruddy & McTavish for Allowance of Compensation and Reimbursement of
Expenses as Counsel for Ralph E. Webb and Gertrude E. Webb. A copy of the
Coversheet accompanying the application is attached. The complete application is
available from the clerk's office.

Ralph E. Webb and Gertrude E. Webb

s/G. Alexander McTavish
ARDC #1871013
Myler Ruddy & McTavish
105 E. Galena Blvd., Ste 800
Aurora, IL 60505
630-897-8475
Email: alexmctavish@mrmlaw.com

## CERTIFICATE OF SERVICE

G. Alexander McTavish, an attorney, certifies that he served this Notice and First and Final Application of Myler, Ruddy & McTavish for Allowance of Compensation and Reimbursement of Expenses as Counsel for Ralph E. Webb and Gertrude E. Webb on the following persons in the manner set forth below on December 7, 2012.

s/ G. Alexander McTavish

## SERVICE LIST

### VIA ECF NOTICE TO REGISTRANTS

Patrick S Layng
USTPRegion11.MD.ECF@usdoj.gov

Amy Aronson
amyaronson@comcast.net

Mark Bogdanowicz
mbogdanowicz@howardandhoward.com

Megan G. Heeg
Heeg@egblc.com

### VIA US MAIL

Centrue Bank
202 Indian Springs Dr
Sandwich, IL 60548-1906

Citizens First National Bank
606 S Main St
Princeton, IL 61356

Elan Financial Services
P.O. Box 5229
Cincinnati, OH 45201-5229

County of Kendall
Jeff Wilkins, County Administrator
111 W Fox St
Yorkville, IL 60560-1498

Daniel Kinsella
Schuyler, Roche & Crisham, PC
130 E Randolph St, Ste 3800
Chicago, IL 60601

Somercor 504, Inc
US Small Business Administration
601 S LaSalle St, Ste 510
Chicago, IL 60605

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| | No. 11-85357 |
| Ralph E. Webb and Gertrude E. Webb, | Judge Manuel Barbosa |
| Debtor. | Hrg Date: 12/19/2012 @ 10:30 AM |
| | Rockford, Illinois |

COVERSHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION

| | |
|---|---|
| Name of Applicant: | Myler, Ruddy & McTavish |
| Authorized to provide professional services to: | Ralph E. Webb and Gertrude E. Webb |
| Date of order authorizing employment: | December 19, 2012 effective as of November 28, 2011 |
| Period for which compensation is sought: | 10/21/2011 through 10/31/2012 |
| Amount of fees sought: | $15,158.50 |
| Amount of expense reimbursement sought: | $739.99 |
| Retainers received to be applied to fees and expenses | $3954 |
| Balance of fees and expenses sought after application of retainers: | $11,944.49 |
| This is a: | Final Application |

If this is not the first application filed by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|
| | | | |

Dated: December 7, 2012

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| | No. 11-85357 |
| Ralph E. Webb and Gertrud E. Webb, | Judge Manuel Barbosa |
| | |
| Debtors. | Hrg Date: December 19, 2012 @ 10:30AM |
| | Rockford, Illinois |

FIRST AND FINAL APPLICATION OF MYLER, RUDDY & MCTAVISH
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES AS COUNSEL FOR RALPH E. WEBB AND GERTRUD E. WEBB

Myler, Ruddy & McTavish ("**MR&M**"), respectfully submits this final application for allowance of compensation and reimbursement of expenses as counsel for Ralph E. Webb and Gertrud E. Webb during the period October 21, 2011 through October 31, 2012. MR&M submits this application as an administrative expense of the Chapter 11 case pursuant to § 330 of the Bankruptcy Code, and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois.

In this application, MR&M respectfully requests the court enter an order awarding MR&M final compensation of $15,158.50 for professional services rendered and reimbursement of $739.99 for ordinary and necessary expenses incurred during the relevant period, as an administrative expense of the Chapter 11 case according to the priorities established under the Bankruptcy Code.

INTRODUCTION

1.    On November 28, 2011, Ralph E. Webb and Gertrud E. Webb, (the "**Debtors**"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. In 2000, the Debtors along with their daughter and her husband, Karen and Charles Bohnstedt, purchased three acres of land on Griswold Springs Road in Sandwich Illinois on which they

hoped to be able to someday build a hotel. In 2003, the family determined that a better location for the hotel would be on Route 34 in Sandwich. They sold the land on Griswold Springs Road and used the proceeds to purchase approximately 30 acres on Route 34, which eventually became Phase 1 of the Bohnstedt's Addition to Sandwich. Around the same time WB Holdings, LLC ("**WB**") and B W Hotel Management Ltd. (later changed to Timber Creek Inn & Suites and Convention Center, Ltd. ("**Timber Creek**")), were formed, WB to own the land and Timber Creek to operate the hotel and convention center.

2.    Eventually, the hotel and convention center were built and the Bohnstedt Addition to Sandwich grew to two phases largely in response to the projected growth in the Sandwich area and the revenue expected from the anticipated construction of the largest water park in Illinois on property adjacent to the hotel. Unfortunately, however, when the economy stalled and the real estate market collapsed so did the construction of the water park. Centrue Bank, which had financed the development of some of the property, foreclosed its mortgage and Citizens First National Bank ("**Citizens**"), the Debtors' largest creditor, which had financed the construction of the hotel and convention center, began foreclosure proceedings on its loans. As a result of all of the foregoing, the Debtor's began a search for a purchaser of the hotel and, at the same time, came to an understanding with Citizens that the best vehicle for maximizing the value of the hotel as a going concern might be a sale of those assets in whole or in part pursuant to § 363 of the Bankruptcy Code. Accordingly, on November 4, 2011, both WB and Timber Creek filed voluntary petitions under Chapter 11 of the Bankruptcy Code and on November 16, 2011, an order was entered directing the joint administration of their cases under Timber Creek's case number (the "**Timber Creek Cases**"). The Debtor's's individual petition followed shortly thereafter on November 28, 2011.

3.    On November 25, 2011, MR&M filed a motion in the Timber Creek Cases to approve its employment as attorneys for the debtors. The United States Trustee objected to MR&M's employment on the basis that MR&M could not represent WB and Timber Creek and the individual principals, Ralph E. Webb and Gertrud E. Webb, at the same time. The

motion to employ and the objection were thoroughly briefed and ultimately the United States Trustee withdrew its objection to MR&M's representation of both the corporate and individual debtors, and an order was entered on January 25, 2012 approving MR&M's employment in the Timber Creek Cases. However, no corresponding order was entered in the individuals' case. In order to complete the record, therefore, MR&M has filed a motion contemporaneously here with seeking approval of its employment by the individual debtors with an effective date of November 28, 2011. At the time MR&M was originally retained, the Debtors paid MR&M $5,000 as an advance payment retainer pursuant to a written retainer agreement, $1046 of which was used to pay the filing fee for the Chapter 11 case.

4.   To aid the Court in its review of this application and in accordance with the local rules of this Court and the guidelines established by the United States trustee, MR&M has divided its services into categories. The categories along with a short narrative of the services provided are set forth in Part I. The manner in which the fees and costs were calculated is set forth in Part II.

## I. SERVICES PERFORMED

5.   **Business Operations.**    MR&M spent 1.80 hours on matters related to the continuing business operations of the Debtors after the filing of the chapter 11 case for which it seeks compensation of $549 and expenses of $104.31. Ralph E. Webb owns WOW Enterprises, Inc., a corporation that operates the WOW Cinema 7 in Sandwich. This category includes services related to the ongoing business operations of the theater after the filing of the Chapter 11 case including communicating with the Mr. Webb regarding ongoing operations of the theater and performance of the corporation.

6.   **Case Administration.**    MR&M spent 14.20 hours on matters related to the preparation of schedules, filing, and administration of the case for which it seeks compensation in the amount of $4331 and expenses in the amount of $509.08. This category includes services related to the review of the Debtors' financial statements and other records in order to prepare the schedules filed in the case, several revisions and a

formal amendment to the schedules, and legal matters relating to general estate administration activities, including communications with the United States trustee, and creditors. This category also includes maintaining the case file, such as sorting and filing court documents and correspondence, and maintaining the service list.

7. **Employment and Fee Applications.**   No compensation is sought for the time spent on matters related to employment and fee applications.

8. **Meetings of Creditors.**  MR&M spent 3.00 hours on matters related to the first meeting of creditors in the chapter 11 case for which it seeks compensation of $915 and reimbursement of expenses in the amount of $77.60. This category includes preparation for and attendance at the first meeting of creditors in the case.

9. **Negotiations and Settlement with Citizens First National Bank.**   MR&M spent 30.70 hours on matters related to negotiations with Citizens First National Bank for which it seeks compensation of $9363.50 and reimbursement of expenses in the amount of $49. The bulk of the time spent by MR&M in the case related to the negotiation of a comprehensive settlement with the Debtors' largest creditor, Citizens First National Bank. Under the proposed settlement Citizens agreed to make a new loan to WOW Enterprises, Inc. in the amount of approximately $260,000 in order to allow WOW Enterprises to purchase four new digital movie projectors. In the theater industry, film will soon be replaced entirely by the digital projection of movies. WOW Enterprises has digital projectors in three of its theaters but needs digital projectors in the remaining four theaters in order to guarantee its continued viability. The proposed new loan to WOW Enterprises would be the catalyst for any plan to be proposed in the Chapter 11 case as the revenue generated by WOW Enterprises would be the source of any return to creditors. In addition, an agreement was reached that would have allowed the Debtors to retain their personal residence by reaffirming the first mortgage held by Citizens in a substantially reduced amount making it an affordable proposition for the Debtors to undertake. A comprehensive agreement was drafted and ready to be implemented when Citizens was taken over by the FDIC and ceased to exist as an operating institution.

## II. CALCULATION OF TIME AND FEES

10.  This is MR&M's first and final application for compensation. It covers the period from October 21, 2011 through October 31, 2012.

11.  All professional services for which compensation is requested, and all expenses incurred, have been for services directly related to this case and were rendered for the Debtors and the estate. No agreement or understanding exists between MR&M and any other person for the sharing of compensation received or to be received in connection with this case, other than among members of the firm.

12.  In preparing this fee application, MR&M has calculated the amount of time spent by each attorney in performing actual, necessary legal services for the estate. The information used comes from the time and billing system maintained by MR&M for each client. The hourly rates charged are the hourly rates charged by MR&M for comparable services to comparable clients. There are virtually no instances where more than one attorney billed for a particular service. In those few instances involving more than one attorney, there was a need for both attorneys' involvement.

13.  To aid the court in its review of this application, MR&M has attached its time and billing records as Exhibit A, separated into the categories described above. The names and hourly rates charged by each of the attorneys are summarized at the end of each section along with the expenses incurred in connection with the services provided in the particular category. Also, included is an overall summary of the charges. In general, attorneys' time has been charged at $305 per hour.

14.  The total amount of fees and expenses incurred during the applicable period is $15,898.49. Subtracting the remaining retainer of $3954 leaves $11,944.49.

15.  The Debtors have only five creditors and have served a copy of this application upon each of them as well as the United States trustee and the chapter 7 case trustee. Accordingly, given the number of creditors and the approaching intervening holidays, MR&M asks the court to shorten the required notice, if necessary, in order to allow the

application to be heard on the date set forth above.

WHEREFORE, MR&M respectfully requests that the court enter the attached proposed order—

A.   awarding MR&M reasonable compensation in the amount of $15,158.50 for actual, necessary legal services provided during the period;

B.   allowing MR&M reimbursement of actual, reasonable, and necessary expenses of $739.99 incurred during the period;

C.   shortening the required notice to creditors, if necessary; and

D.   granting such further relief as the Court deems equitable and just.

/s/ G. Alexander McTavish

Myler, Ruddy & McTavish
Attorney No. 1871013
105 E. Galena Blvd., Suite 800
Aurora, Illinois 60505
630-897-8475
630-897-8076 Fax
alexmctavish@mrmlaw.com